**ZANDRA LAW, PLLC**
Eric S. Tilton (ET 9547), *of counsel*
eric@zandralaw.com
1100 New York Avenue, Ste. A
Huntington Station, NY 11746
(631) 810-1180

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

-------------------------------------------------------------x

CARLOS HERNANDEZ TORRES,

*Plaintiff,*

-against-

ALLUVIUM CUSTOM POOLS, INC. and MATTHEW RUGGERIO,

*Defendants.*

-------------------------------------------------------------x

Civil Action No. 26-cv-7282

**COMPLAINT**

Plaintiff Carlos Hernandez Torres ("Plaintiff"), by and through his undersigned attorneys, Zandra Law PLLC, as and for his Complaint against Defendants Alluvium Custom Pools, Inc. ("Alluvium" or the "Company") and Matthew Ruggerio ("Ruggerio") (collectively, "Defendants"), alleges as follows:

## PRELIMINARY STATEMENT

1. This is an action to recover unpaid overtime compensation and related damages arising from Defendants' willful violations of the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201 *et seq.*, as amended, and the New York Labor Law ("NYLL"), N.Y. Lab. Law § 650 *et seq.* and § 195 *et seq.*

2. Plaintiff worked for Defendants as a pool technician performing manual construction and service labor from approximately July 2021 through March 18, 2026 (the "Employment

Period"). Throughout his employment, Defendants regularly required Plaintiff to work in excess of forty (40) hours per workweek but willfully failed to compensate him at the overtime rate of one and one-half times his regular rate of pay for all hours worked in excess of forty (40) per workweek, as required by the FLSA and NYLL.

3. Defendants paid Plaintiff's overtime wages in cash, off the books, at a rate of approximately $40.00 per hour — far below the lawfully required overtime rate of $72.00 per hour (1.5 × his $48.00 regular rate). Defendants excluded these cash overtime payments from Plaintiff's payroll records. In a text message exchange with Plaintiff, Defendant Ruggerio expressly admitted that he "paid 40 hrs" on Plaintiff's regular paycheck, confirming that cash overtime payments were knowingly kept separate from and excluded from official payroll records.

4. Additionally, Defendants failed to provide Plaintiff with the annual wage notices and accurate wage statements required by New York's Wage Theft Prevention Act ("WTPA"), N.Y. Lab. Law § 195.

5. Plaintiff seeks: (a) all unpaid overtime wages; (b) an equal amount in liquidated damages under both the FLSA and NYLL; (c) statutory penalties under the WTPA; (d) pre-judgment interest at nine percent (9%) per annum on NYLL damages; and (e) reasonable attorneys' fees and costs.

## JURISDICTION AND VENUE

6. This Court has federal question jurisdiction over Plaintiff's FLSA claims pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

7. This Court has supplemental jurisdiction over Plaintiff's NYLL claims pursuant to 28 U.S.C. § 1367(a), as those claims are so related to the FLSA claims that they form part of the same case or controversy under Article III of the United States Constitution.

8. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b) because Defendant Alluvium Custom Pools, Inc. maintains its principal place of business in East Hampton, New York, which lies within this District, and because a substantial part of the events and omissions giving rise to the claims herein occurred within this District.

**PARTIES**

9. Plaintiff Carlos Hernandez Torres ("Plaintiff") is an adult individual residing in the County of Suffolk, State of New York. At all relevant times, Plaintiff was an "employee" of Defendants within the meaning of the FLSA, 29 U.S.C. § 203(e)(1), and the NYLL, N.Y. Lab. Law § 651(5).

10. Defendant Alluvium Custom Pools, Inc. ("Alluvium") is a domestic business corporation organized and existing under the laws of the State of New York, with its principal place of business located at 360 Montauk Highway, Wainscott, NY 11975 and/or 90 Underwood Drive, East Hampton, New York 11937. At all relevant times, Alluvium was engaged in the business of custom swimming pool design, construction, and service. At all relevant times, Alluvium was an "employer" of Plaintiff within the meaning of the FLSA, 29 U.S.C. § 203(d), and the NYLL, N.Y. Lab. Law § 651(6).

11. At all relevant times, Defendant Alluvium was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1), with an annual gross volume of sales made or business done of not less than

$500,000.00, and employed Plaintiff to perform work in interstate commerce in that he handled or otherwise moved goods in interstate commerce.

12. Defendant Matthew Ruggerio ("Ruggerio") is, upon information and belief, an adult individual residing in the County of Suffolk, State of New York and the owner, principal, officer, and/or director of Alluvium Custom Pools, Inc. At all relevant times, Ruggerio had direct operational control over Alluvium's business operations and over the terms and conditions of Plaintiff's employment, including: the authority to hire and fire employees; control over work schedules and conditions of employment; control over the determination of employees' rates and methods of payment; and control over the maintenance of employment records. By virtue of this operational control, Ruggerio was an "employer" of Plaintiff within the meaning of the FLSA, 29 U.S.C. § 203(d), and the NYLL, N.Y. Lab. Law § 651(6).

## STATEMENT OF FACTS

### A. Plaintiff's Employment with Defendants

13. Defendants employed Plaintiff as a pool technician from approximately July 2021 through March 18, 2026 — a period of approximately four years and eight months. Plaintiff worked part-time until approximately October 2021, at which point he began full-time employment.

14. Throughout his employment, Plaintiff's primary duties consisted of skilled manual labor in the construction, installation, and service of swimming pools. Such duties included, but were not limited to: excavating and digging pool sites using hand tools and machinery; operating excavators and other heavy equipment; forming and pouring concrete; installing pool shells and liners; installing plumbing, filtration, and mechanical systems;

laying tile and coping; plastering and finishing pool interiors; performing chemical maintenance and water treatment; and performing general construction labor at job sites across Long Island, New York.

15. Plaintiff spent well in excess of eighty percent (80%) of his working time performing the manual construction and service tasks described above.

16. Plaintiff also had incidental oversight responsibilities at certain times, such as relaying instructions to other workers on a job site. Such responsibilities were secondary to and did not alter the manual character of his work. Plaintiff did not have the independent authority to hire, fire, promote, discipline, or effectively recommend such personnel actions with respect to other employees.

17. Because Plaintiff's primary duties consisted of manual labor of the type performed by tradespeople, mechanics, and craftsmen in the construction industry, Plaintiff is a "blue-collar worker" categorically excluded from the executive exemption under the FLSA and NYLL, regardless of his rate of pay. See 29 C.F.R. § 541.3(a); 12 N.Y.C.R.R. § 142-2.14(c)(iv)(b).

18. Due to the seasonal nature of pool construction on Long Island, Plaintiff worked during the active construction season, which ran approximately eight (8) months per year, typically from March or April through November.

**B. Plaintiff's Hours of Work**

19. Throughout his employment, Plaintiff regularly worked in excess of forty (40) hours per workweek. During the active construction season, Plaintiff typically worked between forty-five (45) and sixty-five (65) or more hours per week, often six (6) days per week.

20. Plaintiff's workdays routinely began at approximately 7:00 a.m. and continued until 5:00 p.m., 6:00 p.m., or later, with minimal or no paid meal breaks.

21. Defendants, through Defendant Ruggerio, directed and controlled Plaintiff's work schedule, assigned Plaintiff's daily job site locations, and had actual knowledge of all hours worked by Plaintiff, including hours worked in excess of forty (40) per workweek.

22. Defendants failed to maintain complete and accurate records of all hours actually worked by Plaintiff, in violation of their obligations under 29 U.S.C. § 211(c) and 12 N.Y.C.R.R. § 142-2.6.

**C. Plaintiff's Compensation and Defendants' Overtime Violations**

23. During his employment, Plaintiff was paid by check in the amount of approximately $1,920.00 per week, calculated on the basis of $48.00 per hour for forty (40) hours. At certain periods during his employment, Plaintiff was paid by check at the rate of $45.00 per hour for forty (40) hours, for a weekly wage of $1,800.00.

24. Plaintiff's regular rate of pay was $48.00 per hour (or $45.00 per hour at certain times). Accordingly, Plaintiff's lawful overtime rate under the FLSA and NYLL was $72.00 per hour (1.5 × $48.00), or $67.50 per hour (1.5 × $45.00), for all hours worked in excess of forty (40) in any workweek.

25. For hours worked in excess of forty (40) per workweek, Defendants did not pay Plaintiff at the lawfully required overtime rate. Instead, Defendants paid Plaintiff a separate, off-the-books cash payment at a rate of approximately $40.00 per hour (the "Cash Overtime Rate").

26. The Cash Overtime Rate of approximately $40.00 per hour was substantially less than the lawfully required overtime rate of $72.00 per hour (a deficiency of approximately $32.00

for every overtime hour worked). At the lower $45.00 base rate, the deficiency was $27.50 per overtime hour.

27. During the active construction season, Plaintiff worked an average of approximately fifteen (15) or more hours of overtime per week, resulting in a weekly overtime wage deficiency of at least $480.00 (15 hours × $32.00 deficiency per hour at the $48.00 base rate).

28. Defendants paid Plaintiff's overtime wages in cash and deliberately excluded such cash overtime payments from Plaintiff's payroll records and wage statements. Defendant Ruggerio personally directed and authorized this practice.

29. In text message communications with Plaintiff, Defendant Ruggerio expressly acknowledged that he "paid 40 hrs" on Plaintiff's regular paycheck, which is a knowing admission that Ruggerio capped Plaintiff's on-the-books hours at forty regardless of the actual hours worked, and paid additional hours in unreported cash. This admission demonstrates Defendants' willful intent to circumvent the overtime requirements of the FLSA and NYLL.

30. Defendants also made partial deductions from Plaintiff's weekly pay on days when Plaintiff worked a partial day, further demonstrating that Plaintiff was paid on an hourly basis and not on a "salary basis" within the meaning of 29 C.F.R. § 541.602. Accordingly, even if Plaintiff's duties could otherwise be construed as exempt (which they cannot) Plaintiff would independently fail the salary basis test required for any white-collar exemption.

**D. Unpaid Wages for Final Week of Employment**

31. Plaintiff's employment with Defendants ended on or about March 18, 2026. Plaintiff worked on March 16, 17, and 18, 2026.

32. Defendants failed to pay Plaintiff his earned wages, or even the minimum wage, for work performed during his final three (3) days of employment, constituting an additional unpaid wage claim of approximately $1,200.00.

**E. Wage Notice and Wage Statement Violations**

33. At no point during Plaintiff's employment did Defendants provide Plaintiff with a written notice, at the time of hire or annually thereafter, containing the information required by NYLL § 195(1), including: Plaintiff's rate or rates of pay and the basis thereof; whether Plaintiff was paid by the hour, shift, day, week, salary, piece, commission, or other method; any allowances claimed as part of the minimum wage; the regular pay day designated by Defendants; Defendants' name and "doing business as" names; the physical address of Defendants' main office or principal place of business; and Defendants' telephone number.

34. At no point during Plaintiff's employment did Defendants provide Plaintiff with wage statements (pay stubs) that accurately reflected all wages earned. The wage statements Defendants provided failed to include: (i) all hours actually worked by Plaintiff; (ii) overtime hours worked; (iii) the overtime rate of pay; (iv) all amounts of gross wages earned, including cash overtime payments; and (v) all amounts of net wages paid. By excluding all cash overtime payments from wage statements, Defendants systematically understated Plaintiff's actual hours, actual gross wages, and actual overtime compensation with every wage statement issued throughout the Employment Period.

35. Defendants' failure to furnish accurate wages statements concealed the extent of the underpayments, delayed Plaintiff's ability to detect and contest Defendants' unlawful pay practices, delayed Plaintiff's recovery of wages owed to him, and caused Plaintiff concrete monetary harm, including being deprived of wages for longer than he otherwise would have been, being deprived of the opportunity to accrue interest thereon, and difficulty in timely paying ordinary living expenses.

**F. Willfulness of Defendants' Violations**

36. Defendants' violations of the FLSA and NYLL were willful. Defendants, by and through Defendant Ruggerio, had actual knowledge that: (i) Plaintiff worked in excess of forty (40) hours per workweek; (ii) the FLSA and NYLL required overtime compensation at one and one-half times Plaintiff's regular rate of pay for all such overtime hours; and (iii) Defendants were paying Plaintiff at a rate below the lawfully required overtime rate.

37. The deliberate payment of cash overtime wages at a rate of $40.00 per hour (well below the required rate of $72.00 per hour) the deliberate exclusion of such cash payments from payroll records, and Defendant Ruggerio's admission that he "paid 40 hrs" on Plaintiff's regular paycheck collectively demonstrate that Defendants' violations were the product of a knowing and intentional scheme to avoid their legal overtime obligations, and were not the result of any good faith misunderstanding of the law.

38. Because Defendants' violations were willful, the applicable statute of limitations under the FLSA is three (3) years. 29 U.S.C. § 255(a). The applicable statute of limitations under the NYLL is six (6) years. N.Y. Lab. Law § 663(3).

**G. Defendants' Unlawful Deductions from Plaintiff's Wages**

39. During the Employment Period, Defendant Ruggerio loaned Plaintiff the sum of $3,000.00 (the "Loan"). Rather than arranging for Plaintiff to repay the Loan through separate, independent payments, Defendants deducted amounts from Plaintiff's earned wages in satisfaction of the Loan without obtaining the written authorization from Plaintiff required by NYLL § 193.

40. The deductions made from Plaintiff's wages in repayment of the Loan were not authorized by any law or governmental regulation within the meaning of NYLL § 193(1)(a), and were not expressly authorized in writing by Plaintiff in the form required by NYLL § 193(1)(b) and the regulations of the New York State Commissioner of Labor.

41. By making unauthorized deductions from Plaintiff's wages to repay the Loan, Defendants unlawfully withheld wages to which Plaintiff was entitled, in violation of NYLL § 193.

**FIRST CLAIM FOR RELIEF**
**Overtime Compensation — Fair Labor Standards Act, 29 U.S.C. § 207**
**(Against All Defendants)**

42. At all relevant times, Defendants were employers of Plaintiff within the meaning of the FLSA, 29 U.S.C. § 203(d), and were engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

43. The FLSA requires employers to compensate employees at a rate of not less than one and one-half times the employee's regular rate of pay for all hours worked in excess of forty (40) in any workweek. 29 U.S.C. § 207(a)(1).

44. No exemption from the FLSA's overtime provisions applies to Plaintiff. Plaintiff is a blue-collar worker whose primary duties consist of manual labor of the type performed by tradespeople and craftsmen. Such employees are categorically excluded from the

executive, administrative, and professional exemptions, regardless of their rate of pay. See 29 C.F.R. § 541.3(a) ("The [overtime] exemptions . . . do not apply to manual laborers or other blue-collar workers who perform work involving repetitive operations with their hands, physical skill and energy. Such nonexempt 'blue-collar' employees gain the skills and knowledge required for performance of their routine manual and physical work through apprenticeships and on-the-job training, not through the prolonged course of specialized intellectual instruction required for exempt learned professional employees.").

45. Independently of Plaintiff's primary duties, Plaintiff fails the salary basis test applicable to white-collar exemptions because Defendants made partial deductions from Plaintiff's weekly pay on days when Plaintiff did not work a full day, thereby demonstrating that Plaintiff was not paid on a "salary basis" within the meaning of 29 C.F.R. § 541.602.

46. Defendants willfully failed to compensate Plaintiff at the lawfully required overtime rate of one and one-half times his regular rate of pay for all hours worked in excess of forty (40) per workweek throughout his employment, in violation of 29 U.S.C. § 207.

47. By reason of Defendants' willful violations of the FLSA, Plaintiff is entitled to recover: (a) all unpaid overtime compensation for the three (3) year period preceding the filing of this Complaint; (b) an equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b); and (c) reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

**SECOND CLAIM FOR RELIEF**
**Overtime Compensation — New York Labor Law § 663**
**(Against All Defendants)**

48. Pursuant to the NYLL and the regulations promulgated thereunder, including 12 N.Y.C.R.R. § 142-2.2, employers are required to pay non-exempt employees at a rate of

not less than one and one-half times the employee's regular rate of pay for all hours worked in excess of forty (40) in any workweek.

49. No exemption from the NYLL's overtime provisions applies to Plaintiff. The NYLL executive exemption regulations, 12 N.Y.C.R.R. § 142-2.14, track the FLSA and expressly incorporate the blue-collar worker exclusion set forth in 29 C.F.R. § 541.3. Because Plaintiff's primary duty was manual construction labor, Plaintiff is excluded from the executive exemption under New York law regardless of his rate of pay.

50. Defendants willfully failed to compensate Plaintiff at the lawfully required overtime rate for all hours worked in excess of forty (40) per workweek throughout his employment, in violation of NYLL § 650 et seq. and 12 N.Y.C.R.R. § 142-2.2.

51. By reason of Defendants' violations of the NYLL, Plaintiff is entitled to recover: (a) all unpaid overtime compensation for the six (6) year period preceding the filing of this Complaint; (b) an equal amount as liquidated damages pursuant to NYLL § 663(1); (c) pre-judgment interest at the rate of nine percent (9%) per annum from the midpoint of the period of violations pursuant to CPLR § 5004; and (d) reasonable attorneys' fees and costs pursuant to NYLL § 663(1)

## THIRD CLAIM FOR RELIEF
**Failure to Provide Wage Notice — NYLL § 195(1)**
**(Against All Defendants)**

52. NYLL § 195(1) requires every employer to provide each employee, at the time of hiring and annually thereafter on or before February 1st of each year, with a written notice containing the following information: (i) the rate or rates of pay and the basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other method; (ii) any allowances claimed as part of the minimum wage; (iii) the regular pay day

designated by the employer; (iv) the name of the employer; (v) any "doing business as" names used by the employer; (vi) the physical address of the employer's main office or principal place of business, and a mailing address if different; and (vii) the employer's telephone number.

53. Defendants failed to provide Plaintiff with the wage notice required by NYLL § 195(1) at the time of his hiring in approximately July 2021, or at any time during the Employment Period, in violation of NYLL § 195(1).

54. Pursuant to NYLL § 198(1-b), an employer who fails to provide the notice required by NYLL § 195(1) is liable to the employee for damages of fifty dollars ($50.00) per workday that the violation continues, up to a maximum of five thousand dollars ($5,000.00), together with costs and reasonable attorneys' fees.

55. Because the wage notice violation began at the time of Plaintiff's hiring and continued throughout the Employment Period — a period of approximately four (4) years and eight (8) months — Plaintiff is entitled to the maximum statutory penalty of five thousand dollars ($5,000.00), together with costs and reasonable attorneys' fees, pursuant to NYLL § 198(1-b).

## **FOURTH CLAIM FOR RELIEF**
### **Failure to Provide Accurate Wage Statements — NYLL § 195(3)**
### **(Against All Defendants)**

56. NYLL § 195(3) requires every employer to furnish each employee with a statement with every payment of wages, listing: (i) the dates of work covered by the payment of wages; (ii) the employee's name; (iii) the employer's name, address, and phone number; (iv) the rate or rates of pay and the basis thereof; (v) any allowances; (vi) the gross wages; (vii) deductions; and (viii) net wages. For employees who are not exempt from overtime, the

wage statement must also include the overtime rate of pay and the number of overtime hours worked.

57. Throughout the Employment Period, Defendants failed to provide Plaintiff with wage statements that accurately reflected all wages earned and all hours worked. Specifically, Defendants issued wage statements reflecting only Plaintiff's base weekly pay of $1,920.00 (or $1,800.00) for forty (40) hours, while deliberately excluding all cash overtime payments made to Plaintiff. As a result, every wage statement issued to Plaintiff throughout his employment failed to accurately reflect: (i) all hours worked; (ii) all overtime hours worked; (iii) the overtime rate of pay; (iv) actual gross wages earned; and (v) actual net wages paid.

58. Pursuant to NYLL § 198(1-d), an employer who fails to provide the wage statements required by NYLL § 195(3) is liable to the employee for damages of two hundred fifty dollars ($250.00) per workday that the violation continues, up to a maximum of five thousand dollars ($5,000.00), together with costs and reasonable attorneys' fees.

59. Because the wage statement violations occurred with every payment of wages throughout the Employment Period, Plaintiff is entitled to the maximum statutory penalty of five thousand dollars ($5,000.00), together with costs and reasonable attorneys' fees, pursuant to NYLL § 198(1-d).

## FIFTH CLAIM FOR RELIEF
**Minimum Wage — Fair Labor Standards Act, 29 U.S.C. § 206**
**(Against All Defendants)**

60. The FLSA requires every employer to pay each employee wages at a rate not less than the federal minimum wage for all hours worked. 29 U.S.C. § 206(a)(1). As of the date of Plaintiff's final week of employment, the federal minimum wage was $7.25 per hour.

61. Defendants failed to pay Plaintiff any wages for work performed during his final three days of employment on March 16, 17, and 18, 2026. By failing to pay Plaintiff any wages for those days, Defendants paid Plaintiff at an effective hourly rate of $0.00, far below the federally mandated minimum wage of $7.25 per hour, in violation of 29 U.S.C. § 206(a)(1).

62. By reason of Defendants' violations of the FLSA, Plaintiff is entitled to recover: (a) all unpaid minimum wages for the period preceding the filing of this Complaint; (b) an equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b); and (c) reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

**SIXTH CLAIM FOR RELIEF**
**Minimum Wage — New York Labor Law § 652**
**(Against All Defendants)**

63. The NYLL requires every employer to pay each employee wages at a rate not less than the New York State minimum wage for all hours worked. N.Y. Lab. Law § 652; 12 N.Y.C.R.R. § 142-2.1. As of March 2026, the applicable New York State minimum wage for employees working on Long Island was not less than $16.50 per hour.

64. Defendants failed to pay Plaintiff any wages for work performed during his final three days of employment on March 16, 17, and 18, 2026. By failing to pay Plaintiff any wages for those days, Defendants paid Plaintiff at an effective hourly rate of $0.00, far below the New York State minimum wage then in effect, in violation of NYLL § 652 and 12 N.Y.C.R.R. § 142-2.1.

65. By reason of Defendants' violations of the NYLL, Plaintiff is entitled to recover: (a) all unpaid minimum wages for the six (6) year period preceding the filing of this Complaint; (b) an equal amount as liquidated damages pursuant to NYLL § 663(1); (c) pre-judgment

interest at nine percent (9%) per annum pursuant to CPLR § 5004; and (d) reasonable attorneys' fees and costs pursuant to NYLL § 663(1).

**SEVENTH CLAIM FOR RELIEF**
**Failure to Pay Wages When Due — New York Labor Law § 191(1)(a)**
**(Against All Defendants)**

66. NYLL § 191(1)(a) requires that manual workers be paid the wages earned in any week not later than seven (7) calendar days after the end of the week in which those wages were earned. Throughout his employment, Plaintiff was a 'manual worker' within the meaning of NYLL § 190(4), as his primary duties consisted of manual labor in the construction, installation, and service of swimming pools.

67. Plaintiff worked during the week of March 16 through March 18, 2026 and earned wages of approximately $1,200.00 for that period. Defendants failed to pay Plaintiff those wages within seven (7) calendar days after the end of that workweek, or at any time thereafter, in violation of NYLL § 191(1)(a).

68. By reason of Defendants' violations of NYLL § 191(1)(a), Plaintiff is entitled to recover: (a) all wages that were not paid when due; (b) liquidated damages in an amount equal to the wages unlawfully withheld, pursuant to NYLL § 198(1-a); (c) pre-judgment interest at nine percent (9%) per annum pursuant to CPLR § 5004; and (d) reasonable attorneys' fees and costs pursuant to NYLL § 198(1-a).

**EIGHTH CLAIM FOR RELIEF**
**Unlawful Deduction from Wages — New York Labor Law § 193**
**(Against All Defendants)**

69. NYLL § 193(1) provides that no employer shall make any deduction from the wages of an employee, except deductions which: (a) are made in accordance with the provisions of any law or any rule or regulation issued by any governmental agency; or (b) are expressly

authorized in writing by the employee, are for the benefit of the employee, and are permissible under regulations issued by the Commissioner of Labor.

70. During the Employment Period, Defendant Ruggerio loaned Plaintiff $3,000.00. Defendants thereafter repaid that Loan by making deductions from Plaintiff's earned wages. At no time did Plaintiff provide written authorization for Defendants to deduct amounts from his wages in repayment of the Loan, as required by NYLL § 193(1)(b) and the regulations of the Commissioner of Labor.

71. Because the deductions were made without the written authorization required by NYLL § 193, Defendants violated NYLL § 193(1) with respect to each and every wage payment from which a deduction was taken in repayment of the Loan. Defendants' deductions from Plaintiff's wages were not authorized by any law, rule, or regulation, and therefore cannot satisfy the requirements of NYLL § 193(1)(a). To the extent any written authorization was obtained, it was not in the form required by the Commissioner's regulations and therefore does not satisfy NYLL § 193(1)(b).

72. By reason of Defendants' violations of NYLL § 193, Plaintiff is entitled to recover: (a) the amount of all unlawful deductions; (b) liquidated damages in an equal amount pursuant to NYLL § 198(1-a); (c) pre-judgment interest at nine percent (9%) per annum pursuant to CPLR § 5004; and (d) reasonable attorneys' fees and costs pursuant to NYLL § 198(1-a).

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Carlos Hernandez Torres respectfully demands judgment against Defendants Alluvium Custom Pools, Inc. and Matthew Ruggerio, jointly and severally, as follows:

(a) On the First Claim for Relief: an award of compensatory damages in the amount of all unpaid overtime wages for the three (3) year period preceding the filing of this Complaint, plus an equal amount as liquidated damages, plus reasonable attorneys' fees and costs, pursuant to 29 U.S.C. § 216(b);

(b) On the Second Claim for Relief: an award of compensatory damages in the amount of all unpaid overtime wages for the six (6) year period preceding the filing of this Complaint, plus an equal amount as liquidated damages, plus pre-judgment interest at nine percent (9%) per annum on NYLL damages, plus reasonable attorneys' fees and costs, pursuant to NYLL § 663;

(c) On the Third Claim for Relief: the maximum statutory penalty of $5,000.00, plus costs and reasonable attorneys' fees, pursuant to NYLL § 198(1-b);

(d) On the Fourth Claim for Relief: the maximum statutory penalty of $5,000.00, plus costs and reasonable attorneys' fees, pursuant to NYLL § 198(1-d);

(e) On the Fifth Claim for Relief: an award of compensatory damages in the amount of all unpaid minimum wages, plus an equal amount as liquidated damages, plus reasonable attorneys' fees and costs, pursuant to 29 U.S.C. § 216(b);

(f) On the Sixth Claim for Relief: an award of compensatory damages in the amount of all unpaid minimum wages, plus an equal amount as liquidated damages, plus pre-judgment interest at nine percent (9%) per annum, plus reasonable attorneys' fees and costs, pursuant to NYLL § 663;

(g) On the Seventh Claim for Relief: an award of all wages that were not paid when due, plus an equal amount as liquidated damages, plus pre-judgment interest at nine percent (9%) per annum, plus reasonable attorneys' fees and costs, pursuant to NYLL § 198(1-a);

(h) On the Eighth Claim for Relief: an award of all wages unlawfully deducted, plus an equal amount as liquidated damages, plus pre-judgment interest at nine percent (9%) per annum, plus reasonable attorneys' fees and costs, pursuant to NYLL § 198(1-a);

(i) A declaratory judgment that Defendants have violated the FLSA and NYLL as alleged herein;

(j) Such other and further relief as this Court deems just and proper.

Dated: Huntington Station, New York
November 11, 2026

Respectfully submitted,

**ZA[redacted]LC**

By: [redacted]
Eric[redacted]47), *of counsel*
110[redacted]nue, Ste. A
Huntington Station, NY 11746
(631) 810-1180
eric@zandralaw.com

*Attorneys for Plaintiff*